IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRECHECK, INC. | § | |
| | § | |
| VS. | § | CIVIL CASE NO. _____ |
| | § | |
| CREDENTIAL CHECK CORPORATION | § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, PreCheck, Inc. (hereinafter "PRECHECK"), by and through its undersigned counsel, files this Complaint for Declaratory Judgment against Defendants Credential Check Corporation (hereinafter "CREDENTIAL CHECK CORPORATION") averring as follow:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201-2202, for the purpose of determining a question of actual controversy between the parties as hereinafter fully appears.

**PARTIES**

2. Plaintiff, PreCheck, is a Texas corporation with a principal place of business at 2500 East T.C. Jester Blvd., Suite #600, Houston, Texas 77008 and is appearing through its undersigned attorneys.

3. It is believed and therefore averred that Defendant, Credential Check Corporation, is a Michigan corporation with a principal place of business at 8175 Creekside Drive, Suite 200, Portage, MI 49024.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §

1

1331 and 1338(a) and also under 28 U.S.C. § 1332(a), there being a complete diversity of citizenship between the parties. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue in this district is proper under 28 U.S.C. §1391(c) and under 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to this dispute occurred in this District. This Court has plenary power to order the cancellation of a registration of any party to this action under 15 U.S.C. § 1119.

## BACKGROUND

6. PreCheck was founded in 1983 to provide background investigation services for a diverse range of clients and has concentrated on healthcare background screening, credentialing and program integrity since 1993. PreCheck has expertise in criminal background investigation and has added a strategic focus on the specialized needs of hospitals, clinics and other healthcare providers. PreCheck provides healthcare organizations with the information they need to verify and preserve the integrity of their people and programs. PreCheck's services for healthcare organizations have expanded beyond background verifications and credentialing to include outsourcing solutions to handle professional license management, health and drug screening, exclusion and sanction screening, immunization tracking, and online I-9 and E-Verify processing.

7. PreCheck adopted the usage of PreCheck 'CredentCheck', which is a heathcare license monitoring system, in March 2006 ('CredentCheck' is not a pre-employment background screening process). PreCheck uses this system as a monitoring and management tool for its clients' needs. PreCheck has continually used the term 'CredentCheck' as a part of its daily business practices and business operation from 2006 until present time.

8. It is believed and, therefore, averred that as one part of its business, Defendant

Credential Check Corporation purports to purvey nearly identical services as PreCheck, relative to providing information concerning individuals' background screening and credentialing, which it calls "Credential Check."

9. It is believed, and therefore, averred that Credential Check Corporation represents that it began to use the name 'CredentialCheck' and filed in the Supplemental Registry on February 11, 2005.

10. Merely descriptive terms such as "CredentialCheck" or "Credential Check" are in the public domain and are free to be used by anyone who can truthfully employ them to describe their goods or services.

11. A term that is merely descriptive is not entitled to any protection from infringement under either the U.S. Trademark Act (Lanham Act).

12. By letter dated February 8, 2013, Credential Check, through its attorney, demanded that Plaintiff, PreCheck, stop using the term "Credential Check" and threatened if PreCheck continues to use the term "Credential Check" in its business, Credential Check Corporation will initiate legal action. [Exhibit 1].  Plaintiff has never used the term "Credential Check" or "CredentialCheck", and does not intend to do so in the future.  Plaintiff has and continues to use the term CredentCheck, as part of a heathcare license monitoring system.

## COUNT I
### Declaratory Judgment

13. Plaintiff hereby incorporates by reference as if fully set forth herein, the allegations contained in Paragraphs 1 through 12 above.

14. As described herein above, an actual existing and bona fide controversy exists

3

between PreCheck and Credential Check Corporation regarding the use of the term "Credential Check", "CredentialCheck" and "CredentCheck."

15. There is no basis in law or fact to support Credential Check Corporations's claim that PreCheck is infringing upon any property right relative to the term "CredentialCheck" or "Credential Check."

16. Credential Check Corporation sought application for registration on the Supplemental Register. Marks registered on the Supplemental Register are not afforded the same benefits as marks registered on the Principal Register. Based on this amendment, the USPTO issued on August 21, 2007 U.S. Supplemental Registration No. 3283948 for the mark "CredentialCheck" [Exhibit 2]

17. Credential Check Corporation again sought application for registration on the Supplemental Register. Based on this amendment, the USPTO issued on December 19, 2006 U.S. Supplemental Registration No. 3188300 for the mark "Credential Check Corporation." [Exhibit 3] Again, marks registered on the Supplemental Register are not afforded the same benefits as marks registered on the Principal Register.

18. Credential Check Corporation sought application for registration on the Principal Register and on April 10, 2007 U.S. Registration No. 3226362 for the word mark "Credential Check" was issued for design plus words, letters, and/or numbers. [Exhibit 4] The disclaimer was that no claim was made to the exclusive right to use "Credential Check" apart from the mark as shown.

19. Plaintiff, PreCheck, has never used the term "CredentialCheck" or "Credential Check."

20. Plaintiff, PreCheck, has and continues to use the term "CredentCheck."

4

21. Accordingly, Plaintiff, PreCheck, requests that the Court enter judgment in favor of PreCheck and against Defendant Credential Check Corporation declaring that PreCheck is not infringing upon any property rights of Credential Check Corporation relative to the term "Credential Check," or "CredentialCheck."

## COUNT II
### Cancellation of Federal Trademark Registration

22. Plaintiff hereby incorporates by reference as if fully set forth herein, the allegations contained in Paragraphs 1 through 21 above.

23. PreCheck, as described above, is in the business of providing background investigation services for a diverse range of clients. PreCheck has concentrated on healthcare background monitoring, credentialing and program integrity through its "CredentCheck" system. In other words, PreCheck, on behalf of its clients, monitors the licenses of existing employees for its clients.

24. The terms "Credential Check" and "CredentialCheck," are generic terms which simply describes the service of checking a person's credentials and is not protectable pursuant to the Lanham Act.

25. Both Credential Check Corporation and PreCheck use terms such as "CredentialCheck" and "CredentCheck" in a generic manner for their respective services in checking the credentials of individuals.

26. Without telling the USTPO of the aforesaid generic meaning and use of the term "CredentialCheck", Credential Check Corporation relied on its aforesaid use of the term "CredentialCheck" to obtain its Supplemental Registration.

27. Credential Check Corporation has asserted rights in the term "CredentialCheck" based on its Supplemental Registration in support of claims that PreCheck should be enjoined from continuing its use of the term "CredentCheck" even though these terms has continuously been used since 2005-2006 in connection with its services.

28. PreCheck is damaged by the maintenance of Credential Check Corporation's Registration.

29. Credential Check Corporation's Registration should be cancelled pursuant to 15 U.S.C. § 1119 because the mark is generic of Credential Check Corporation's services in checking the credentials of individuals. The maintenance of the Credential Check Corporation's Registration is damaging to PreCheck.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Procedure, PreCheck demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, PreCheck prays for the following relief:

(a) the entry of a declaratory judgment in favor of Plaintiff PreCheck and against Defendant Credential Check Corporation that PreCheck is not infringing upon any right of Credential Check Corporation may have in the term "CredentialCheck" or "Credential Check.;"

(b) enter an order to the Commissioner of Trademark of the UPSTO directing the cancellation of United States Trademark Registration No. 3188300 and No. 3283984; and

(c) order such other and further relief as the Court deems just.

Dated:  February 20, 2013

        Respectfully submitted,

        By:  */s/ John Pat Parsons*
            John Pat Parsons
            State Bar No. 24065876
            SDID: 1113840

            Michael J. Lindsay
            State Bar No. 12368800
            SDID: _____

            LINDSAY, LINDSAY & PARSONS
            710 N. 11th Street
            Beaumont, Texas 77702
            (409)833-1196 - Telephone
            (409)832-7040 - Facsimile
            Email: mlindsay@llptx.com
            Email: jparsons@llptx.com

        Attorneys for Plaintiff, PreCheck, Inc.